THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Bonita L. Wyatt, | : | Chapter 13 |
| Debtor | : | Bankruptcy No.: 21-10138-amc |

## MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM THE BANKRUPTCY STAY

COMES NOW Debtor-Movant Bonita L. Wyatt, by and through undersigned counsel, to request reconsideration of the Order granting the Motion for Relief filed by Mortgage Assets Management, LLC f/k/a Reverse Mortgage Solutions, Inc., pursuant to Federal Rule 60(b), and in support thereof represents the following:

### BACKGROUND

1. Movant-Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, on January 20, 2021.

2. Scott F. Waterman, Esquire is the assigned Chapter 7 trustee ("Trustee").

3. Debtor is a homebound disabled older individual who lives on a fixed income of $2500 per month.

4. On January 12, 2024, Mortgage Assets Management, LLC f/k/a Reverse Mortgage Solutions, Inc. ("Movant") filed a Motion for Relief from Stay due to lack of homeowner's insurance on behalf of Debtor.

5. A response deadline to said motion was properly set for January 29, 2024.

6. Debtor is not required to tender payment to Movant, who is the holder of a reverse mortgage upon Debtor's real estate. However, Debtor must maintain hazard insurance upon the real estate and timely pay all real estate taxes.

1

7. The basis of Movant's motion is on October 20, 2023, Movant purchased "force-placed" hazard insurance after it was notified that Debtor's policy lapsed.

8. Upon receipt of the motion, Debtor contacted her Counsel and discussed the matter on January 25, 2024, January 26, 2024, and again on January 29, 2024.

9. An answer to the motion was filed by Counsel on January 29, 2024. The answer admitted most of the averments and stated that Debtor was scheduled to purchase a new hazard policy on February 1, 2024. The answer also discussed Debtor's repayment to Movant of any sum advanced for the policy lapse from October 20, 2023 through January 31, 2024.

10. Debtor was under instruction to provide the full new policy to my office on or before February 6, 2024.

11. Between January 31, 2024 and February 14, 2024, Counsel placed two phone calls to Debtor without success. Counsel then sent emails and text messages to Debtor.

12. After no contact with Debtor and no receipt of a hazard policy for 30 days, Counsel withdrew the answer to the motion for relief on February 28, 2024. Movant then certified no response to the motion.

13. On March 6, 2024, this Court entered an Order granting relief.

## REQUEST FOR RELIEF

14. Debtor called my office on March 7, 2024 to confirm everything was handled as per our calls in January. After further discussion, Debtor immediately provided proof of the hazard policy she had purchased on January 31, 2024 . See Exhibit "A".

15. The hazard policy went into effect at 12:01am on January 31, 2024 and remains in effect today. Movant has received a copy of the policy.

16. Debtor had changed her email address and phone number and did not keep her contact information current with her Counsel.  Calls, texts, and emails went unanswered because the contact info was stale.

17. Furthermore, Debtor avers that she emailed the policy to her Counsel on January 31, 2024  but it was never received by Counsel, perhaps being caught in anti-spam software.

18. The extent of the default by Debtor is a failure to hold hazard insurance on the subject property between October 20, 2024 and January 30, 2024, a total of 102 days.  Based on Movant's averment of the forced-place policy cost of $1520, this lapse cost Movant a sum of $424.77 (102/365 x $1520), plus court and legal costs.

19. However, the granting of relief from the stay in favor of Movant may result in loss of Debtor's home despite substantial compliance since commencement of her case in January 2021.

20. Pursuant to Rule 60(b), Debtor believes grounds exist to vacate the dismissal order based upon information about the policy in effect as of January 31, 2024, and the basis of the disconnect between Debtor and her Counsel between January 30, 2024 and March 7, 2024.

WHEREFORE, Debtor-Movant respectfully requests that the Honorable Court reconsider the Order granting relief from the bankruptcy stay on March 6, 2024, vacate the relief order, and allow Debtor to reimburse the Movant for its costs.

                Respectfully submitted,

                **ROSS, QUINN & PLOPPERT, P.C.**

                BY:    <u>*/s/ Joseph Quinn*</u>
                         Joseph Quinn, Esquire
                         Attorney I.D. No. 307467
                         192 S. Hanover Street, Suite 101
                         Pottstown, PA  19464
                         T: (610) 323 - 5300
Date:  <u>March 23, 2024</u>          F: (610) 323 - 6081
                         JQuinn@rqplaw.com